**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-7003**

---

DONALD WAYNE BARKSDALE,

Plaintiff - Appellant,

v.

JOSEPH WALTERS, Director, VADOC; DAVID ROBINSON, Chief of Corrections Operations, VADOC; SCOTT RICHESON, Programs Director, VADOC; C. MEADE, Regional Ombudsman; D. ANDERSON, Bailee and Warden, VADOC; A. DUNCAN, Assistant Warden, VADOC; K. SYKES, Institutional Program Manager, VADOC; P. SYKES, Operation Manager, VADOC; JOHN DOE, Institutional Ombudsman, VADOC; LESLIE FLEMING, Deputy Director for Institutions, VADOC; J. HALL, Chief of Security, VADOC,

Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Robert S. Ballou, District Judge.  (7:25-cv-00702-RSB-PMS)

---

Submitted:  July 23, 2026                                    Decided:  July 27, 2026

---

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Donald Wayne Barksdale, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Wayne Barksdale, a Virginia inmate, filed a 42 U.S.C. § 1983 action but did not pay the filing fee.  The district court dismissed the action after concluding that Barksdale had incurred four strikes under the Prison Litigation Reform Act (PLRA), *see* 28 U.S.C. § 1915(g).  Barksdale appeals.  He also moves under the PLRA for permission to proceed on appeal without prepayment of fees.  Because we find that three of the strikes identified by the district court are invalid, we grant the motion, vacate the district court's order, and remand.

Generally, an indigent inmate may file a civil complaint without needing to prepay the filing fee.  28 U.S.C. § 1915(a)(1).  But if the inmate has incurred three strikes—that is, civil actions or appeals that are dismissed as frivolous, as malicious, or for failure to state a claim—then he must prepay the filing fee unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

The district court identified four such strikes.[1]  We agree that *Virginia Parole Board* qualified as a strike, since that case was dismissed only as frivolous.  But the other three cases were dismissed both as frivolous and as seeking monetary relief from defendants who are immune from such relief.  Though the latter is a ground supporting sua sponte dismissal of an in forma pauperis complaint, 28 U.S.C. § 1915(e)(2)(B)(iii), it is not a ground that

---

[1] *Barksdale v. Va. Parole Bd.*, No. 7:24-cv-00236-RSB-PMS (W.D. Va. Mar. 31, 2025); *Barksdale v. Goodwyn*, No. 7:24-cv-00689-RSB-PMS (W.D. Va. Apr. 21, 2025); *Barksdale v. Youngkin*, No. 7:25-cv-00084-RSB-PMS (W.D. Va. Apr. 21, 2025); *Barksdale v. County of Grayson*, No. 7:25-cv-00196-RSB-PMS (W.D. Va. Apr. 21, 2025).

2

counts as a strike, *see Cotton v. Noeth*, 96 F.4th 249, 259 (2d Cir. 2024) (distinguishing between 28 U.S.C. § 1915(e)(2)(B) and § 1915(g)); *accord Crump v. Blue*, 121 F.4th 1108, 1112 (6th Cir. 2024); *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).  And a case cannot count as a strike unless the entire action is dismissed on strike-qualifying grounds. *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011).

For these reasons, we grant Barksdale's PLRA motion, vacate the district court's order, and remand for further proceedings.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] We acknowledge that Barksdale is a frequent filer.  This decision does not preclude the district court from reevaluating Barksdale's eligibility to proceed without prepayment of fees if the court finds that Barksdale has other prior dismissals that properly count as strikes.